UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUAMAIN L. SPANN,

    Petitioner,

v.                                             Case No. 06-CV-10786

RAYMOND D. BOOKER,

    Respondent,
_____/

**ORDER DENYING THE MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner Quamain L. Spann presently confined at the Ryan Correctional Facility in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his convictions of assault with intent to commit murder,[1] homicide, wilful killing of a quick born child,[2] and being a third felony habitual offender.[3] Petitioner has filed a motion for the appointment of counsel. For the reasons stated below, Petitioner's motion for the appointment of counsel will be denied.

There is no constitutional right to counsel in habeas proceedings. *See Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where

---

[1] Mich. Comp. Laws § 750.83; Mich. Stat. Ann. 28.278.

[2] Mich. Comp. Laws § 750.322; Mich. Stat. Ann. 28.554.

[3] Mich. Comp. Laws § 769.11; Mich. Stat. Ann. 28.1083.

the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). "[H]abeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F. 3d 332, 333 (10th Cir. 1994). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Satter v. Class*, 976 F. Supp. 879, 885 (D.S.D. 1997).

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998). The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, Petitioner has filed a petition for writ of habeas corpus, in which he raises seven claims for relief. Petitioner has also filed a forty page memorandum of law in support of his petition, in which he cites to numerous federal and state cases. Petitioner has also attached numerous exhibits to his petition. Petitioner therefore has the means and ability to present his claims to the court. Furthermore, until the State of Michigan files its answer and the Rule 5 materials, the court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the

interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). Accordingly,

IT IS ORDERED that the "Motion For Appointment of Counsel" [Dkt. # 3] is DENIED WITHOUT PREJUDICE. The court will reconsider Petitioner's motion if, following receipt of the responsive pleadings and Rule 5 materials, the court determines that appointment of counsel is necessary.

      S/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated: March 21, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 21, 2006, by electronic and/or ordinary mail.

      S/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522